# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

No. 711
OBERLANDER v. HADFIELD-PENFIELD
STEEL CO.
Ohio Appeals, 3rd District, Crawford County
No. 987. Decided July 14, 1923

28. APPEALS.

Appellee from Justice Court has full term of court to perfect the appeal to Common Pleas Court, if appellant fails to do so.

HUGHES, J.

Epitomized Opinion

The Steel Co. recovered judgment against Rouseff before a justice of the peace. Thereupon Rouseff filed with the justice of the peace his appeal bond with Oberlander as surety thereon and the bond was approved by the Justice. Thereafter Rouseff failed to take any other steps to perfect his appeal to the Common Pleas Court. Steel Co. thereupon filed with the clerk of Common Pleas a duly certified transcript from the docket against Rouseff in the J. P. court on Dec. -1. Steel Co. filed the transcript Jan. 23 following.

Rouseff had 30 days, or until Jan. 16, to file his transcript. The Common Pleas entered judgment against Oberlander on the appeal bond. By 10388 GC. the appellee at the term of court next after the expiration of the 30 days allowed the appellant for filing his transcript, may file a transcript if the appellant fails to perfect his appeal. In affirming the judgment the Court of Appeals held:

1. It seems clear to us that the legisuature intended to give to the appellee a full term of court during which he could perfect his appeal, upon the failure of the appellant to do so.

If the 30 days expired on the last day of the then pending term of Common Pleas it would leave the appellee a short time to perfect his appeal, and it therefore seems conclusive that the intention of the legislature was to give him a full term.

Attorneys—C. F. Schaber, for Oberlander; E. J. Myers, for Steel Co.

No. 712
WAGNER v. THRUSH
Ohio Appeals, 3rd District, Auglaize County
No. 40. Decided June 8, 1923

7. AUTOMOBILES.

Contributory Negligence—Failure to leave half of road for approaching vehicle is per se.

HUGHES, J.

Epitomized Opinion

Wagner sued Thrush for damages to his machine as a result of a collision with the latter's car, and Thrush cross petitioned for damages to his machine. The accident occurred during a snow storm.

The evidence disclosed that Wagner was negligent. Thrush admitted that he was driving his car along the center of the improved portion of the highway and made no effort to leave half of road for the approaching car. In reversing the judgment, the Court of Appeals held:

1. Thrush failed to observe the requirements of 6310 GC. in not leaving one-half the road for the approaching vehicle and was therefore guilty of negligence per se, and if it was approximate cause of the injuries complained of he could not recover. Therefore the trial court should have so charged the jury.

Attorneys—J. H. Musser, for Wagner; Stueve & Tangeman, For Thrush.

No. 713
SMITH v. WATSON
Ohio Appeals, 3rd District, Defiance County
No. 47. Decided June 16, 1923

55B. BILL OF EXCEPTIONS.

Upon failure to file bill of exceptions, reviewing court presumes that lower court had before it evidence which warranted the judgment—Action by surety against co-surety and judgment taken upon cognovit.

HUGHES, J.

Epitomized Opinion

Watson sued Smith alleging that they had executed and delivered to a bank as surety for a third person, their promissory note with a warrant of attorney annexed; that Watson paid the note and that neither Smith nor the principal obliger had paid any part of the note. The note was attached to the petition and judgment was entered on the same day it was filed, an attorney having entered Smith's appearance by virtue of the warrant of attorney. Thereafter Smith filed his motion to vacate and set aside the judgment. The motion was overruled. Exceptions were taken to the ruling, but no bill of exceptions was prepared or filed. In affirming the judgment the Court of Appeals held:

1. "It is a well settled and elementary proposition of law that in the absence of a bill of exceptions a reviewing court indulges in the presumption that the lower court had before it sufficient evidence or admissions and declarations of counsel or the parties or other facts and circumstances that warranted and supported the judgment or order entered."

2. It must be presumed therefore that there was no valid defense to the claim and that the petition states a cause of action for contribution among sureties.

Attorneys—Winn & Goller, for Smith; L. W. Watson, for Watson.